morning counsel morning your honors Russ Hartford the appellant Benito Craig Castro I'd like to ask to reserve two minutes for rebuttal all right I'll try to help you out but that's in the prior case please keep track of your own time as well thank you Montana's law against partner family member assault Montana code annotated 45 5206 is a misdemeanor battery statute that is elevated to the accumulation of convictions much like the statute in United States versus Johnson it's the type of law that the United States Supreme Court found in that case was not a crime of violence within the meaning of the guidelines level of physical force required to commit that offense is the same whether it's being prosecuted as a misdemeanor or as a felony whether that may well be true but why isn't the level of force required to commit the misdemeanor enough to we pointed to a couple of cases in our briefing first is Montana versus sure in that case that is the one where a doctor had a gentleman posing as a doctor had placed some phone calls from Florida yeah I mean sure seems to me it's a strange case but it does involve violence it involves a doctor encouraging patients so-called patients to commit violence on themselves to so what I've been trying to do is find a Montana case that applies this statute where there was no violence or a threat of violence do you have any your honor we submitted a supplemental Superior Court I mean right the with the case that you cited a charge that was brought in Yellowstone it's not Superior Court in Montana it's district court correct your honor it's there is there any appellate case in Montana that applies this statute when there isn't violent conduct somehow involved in the case well your honor I'll go back to sure in a moment but I mean the standard is is there a reasonable probability that it would be applied this way and we have a pending case we have a judicial interpretation of that statute by a trial judge by a trial judge yes your honor I know you've got one and I don't know what weight to give it but I was asked I there any appellate cases that apply this statute in the absence of violent conduct there are not your honor in Montana is I mean it's a rural state we have one appellate court we don't have a lot of case law on the PFMA statute we have case law on other statutes that rely on the same definition of bodily injury should we certify this question of the Montana Supreme Court well your honor I like your chances they're better than here I don't know your honor I mean the Montana Supreme Court insured did did make a finding that that that statute did not require any use of physical force I believe what they said the information did not reply on or alleged to share threatened the Montana Supreme Court the Montana Supreme Court yes what about the Cooney case counsel where it said that the it was a somebody who was going to stop attempt to conduct the victim upon release and the Montana court said her likely reaction to it established that if released Cooney presents a substantial risk of causing serious mental impairment to another person yes your honor was there was there a threatened use of force in that case there was not threatened use of force there was a fear that he would create that that his release I believe would put that put that I guess would rephrase judge wins question is that an element of the Montana offense when one deals with mental injury in other words I'm trying to find a Montana case where the mental of injury has been caused but there was no fear or showing a force no your I think the closest thing I have is the 13th Judicial District and again if we're talking about a reasonable probability we have a defendant in Montana right now who's facing prosecution under that theory right I'm not sure what the state high court would do with that and that's why I go back to Cooney which seems to suggest that the victim emotional trauma as a result of bodily injury or death to others so that's that seems to give some indication as to what the Montana court might do in other words I don't have a strong degree of confidence as to how the state court would interpret this but you've got you've got Cal Castleman to deal with so can you address that case absolutely Castleman as with France as with all of the all of the 922 g9 cases they deal with that the lower level of force to France the France actually spoke about sure said that this may not qualify as force under the guidelines but for our purposes when we're addressing misdemeanor force this satisfies it how do you deal with justice Scalia's concurrence I understand it's not the opinion of the court but we seem to be learning that his concurrences end up being he said he would have found this statute to require force capable of causing pain or injury to another person if and it's the same statute virtually as we have here if we interpreted this statute as he did that one in Castleman wouldn't that qualify I think it would so that's the that's the question that was left open in Castleman yes yes then your honor I guess I would I would submit to you every every court that has relied on Castleman has relied on that to justify the use of a lower level of force when dealing with misdemeanors what we have in this case is Castleman talked a lot about domestic violence in particular Johnson talked a lot about common law battery we have in this case we have we have a common law battery statute specific to domestic violence we look at the common law as it relates to domestic violence question yes I'm not sure I can get an answer from from the briefs I understand that judge Morris at some point had taken a different view than judge waters is that still the way judge Morris is applying the I don't you don't know I don't know of another time that I'm trying to figure out whether there is in effect a disagreement among the Montana district judges or whether as the government says judge Morris has changed his mind well judge Morris judge Morris analyzed the immigration statutes as I understand it a little bit differently than he analyzed them in in Ross that statute however it dealt with force against persons or property it it and it specified that that it does not rely solely in the statute I believe it does not rely solely on psychological or emotional injury that's explicit in the statute and we don't have that in in in the Montana's PFMA statute and definition of bodily injury in fact it's clear that a prosecution can rely entirely on an emotional or a psychological injury one last question because you're saying I know you want to save time let's assume that the statute didn't have the emotional or psychological injury in it I'm not sure I understand your position is your position that it would qualify or that it wouldn't because it can be satisfied by nonviolent touching you know I think it still would not be satisfied it as you say it could still be satisfied by nonviolent touching we have that in in this 13th Judicial District case where you have harmful or offensive touching and and nothing else we have the Shearer case where the court says you don't need to apply any physical force and this statute says bodily injury yes yes there's another statute in Montana that defines serious bodily injury and I think that's more the level of Johnson force that we see in that statute that is for statutes such as assault causing serious bodily injuries there's there's a separate statute and we have laws that fall under that definition that qualify as what Montana characterizes as a violent felony the language of that statute is almost identical to what we see in the guidelines an element of the crimes which as an element require the use of physical force and that's akin to violent force that's akin to the type of force we see in Johnson violent felony force yes I'll give you a minute on rebuttal thank you you may please the court Tim Tark of the District of Montana on behalf of the United States the issue before the court in this case is whether purposely or knowingly causing bodily injury under Montana law is a crime of violence sufficient to to meet the standard for the guidelines and well nothing with respect to the categorical approach is entirely straightforward this case is is simplified considerably by the fact that the Ninth Circuit has repeatedly held that causing bodily injury in the context of an assault statute does require physical but we have dealt before with a an assault statute that made causing mental distress a crime the Ninth Circuit hasn't the the Supreme Court has of course in Castle yeah but in Castleman it didn't didn't hold it was a crime of violence it held it met a lower threshold correct but there's a couple points about Castleman but but the first one I'll make is that Castleman makes clear that Montana law is not on does not on its face overbroad because it does require common law physical force so the question the only way that mr. Castro can be successful here is by showing an actual case that's my question does it require there's a Montana law require the common law there is no case in Montana in Montana law that where bodily purposely or knowingly causing bodily we injury I think your friend has admitted that we can't find any my question was does the Montana statute require an application of force at all that there's no case in Montana law where where that was a it was found to be bodily for bodily injury without physical force well and I let me just give you a hypothetical I know the Supreme Court tells us not to be fanciful but I wrote my wife a degrading note every day telling her she was ugly and I hated her and she suffered mental injury as a result would that be covered by this statute again there's no case on point but I two reasons first in the Haber case the case cited in an appellant's opening brief I'm it's ha something er I'm forgetting the the term but the the court there said that embarrassment anger and it didn't amount didn't amount to metal right but let's let's assume well that she suffers well they don't serious mental injury from that it actually said those things are not a species of bodily injury so I think it's a little bit more than then dealing with the way there's there are there's mental distress or oh that's the last word in the statute it's a mental impairment yeah so that mental impairment that can so I'm asking whether mental impairment can be caused theoretically it seems to me it can by something other than the application of force I I think there's a good reason not not to think that Montana would interpret that way obviously they have not and that should be enough to end this question but there's a good reason to think that they wouldn't and that actually goes back to the other point that appellant raised in his opening brief forcible felony is defined under Montana law as a felony involving physical for threat use or threat of physical force or violence the Montana Supreme Court has made clear that and this is in the Hayes case no Hicks case made clear that assault on a minor which involves the same level of same language as added as you at is that an issue here was categorically under you know the way the Montana law applies categorically was a forcible felony so it was sufficient force to apply the forcible felony statute in the let me ask you the same question I asked your opposing counsel why doesn't Cooney to suggest to us that the Montana Supreme Court would apply the statute to nonviolent conduct that that involved mr. Cooney being released from the mental health facility and I thought the question in that case was whether he posed a substantial risk of bodily injury to the victim and so the court in that analysis was analyzing the emotional trauma and where's the application of physical force in that scenario so I think it's important to look at the Cooney cases which is sort of a strange series of cases but to look at them as a whole as the the defense case judge Christensen did in the defense case in Cooney won the 1995 Cooney case which is not cited in our briefs it is cited in in that a France decision the the victim testified that her fears were based on on her fist on her fear of being physically her fear of physical injury right let me hold you in on Cooney to because in in Cooney to the argument that Cooney makes is the victim's probable adverse reaction to the mere fact of his release does not constitute serious mental illness or impairment and that was rejected by the Montana Supreme Court the the court I don't I don't think there's any implication in in the Cooney scenario that that someone could knowingly or intentionally caused by caused bodily injury without the the use of force there the there she specific the concern there specifically was about being contacted it is possible being contacted by mr. Cooney if he got out and I do think I don't think you can draw the conclusion from from Cooney that you could cause bodily injury without physical contact so so you're saying implicit in that ruling is the assumption from the prior case that he may he may cause her physical injuries not just the mental distress the way it's written I am convinced of that argument but that but did I understand the argument correct I I agree with your honor it is it is a little bit the language there is sort of fuzzy but but in that Cooney to language it does she does talk the talk is about the victim's concern for her and her family's safety I do think I think it's possible that that the court sort of using the the mental injury to maybe expand how certain because here it was certain that he would engage in his stalking behavior and practically certain that he would engage in the stalking and the concern was the the defense's argument was well even if he stocks her we don't know for certain that he that he would lead to bodily injury and so the the court I think sort of used well we know that there has been mental injury as a result of this we know there's a possibility that he's going to contact her again and may have used that sort of as a you can draw any conclusions with that as a with as with respect to the intentional causing a bodily injury what's the government's view of certification I don't think the court can certify this question because it is it is a the question is a question of federal law I was involved in a case where the court this court tried to certify or no but we will be asking the court whether this defendant's conviction under Montana statute had in it an element of violence but but that isn't that that is that isn't a question under Montana doesn't want to report can can this statute be violated without the application or threat of bodily and and I think that would be a hypothetical that this court would pose a advice I think that court would be this court will be asking for an advisory position from the Montana Supreme Court on that issue I do want to address briefly the the the shin case because even though that is a district court case and I think that this court doesn't need to to to address that issue in order to show a reason or that that doesn't show a reasonable probability anyway but it's important to note that in the shin case there definitely was physical for necessarily physical force it you can't get to that the question that the court was addressing there without without non-consensual sexual contact and what was alleged there I think again we don't know the facts of that case because it's not done yet but is physical force it would involve grabbing groping pressing the defendants crotch against a victim a non-consensual hug I think those are sufficiently violent force with respect to sufficient to meet Stokely to meet standard of 4b 1.2 if there's no further questions thank you very much thank you counsel thank you ours um we look at Castleman into France in particular where we're analyzing this lower level of force for misdemeanors yeah but see they don't say lower they don't say it's an inherent quality of misdemeanors that they involve a lower level of force they just look at the elements of the of the offense so the fact we can have a misdemeanor that involves violence can't we we can and we can have a state can make a violent crime and misdemeanor can't it can in Montana has not classified this offense as a violent crime the way it interprets its laws and I think one court and the district court in Montana had was it a ruling finding that you know that Montana's definition or any state's definition of bodily injury that that would it would have invalidated several convictions and we don't have that in this case or they smarter I don't know if I'd not smart to do so so I will concede the state court apply the categorical approach when looking at aggravators and enhancers and things like that I will tell you I've everything I've learned about the categorical approach and I've practiced for about ten years now in Montana and everything I've learned about it has come in this case I have not seen Montana employ that that approach and I've I didn't come across anything like that with in my research in this case they did I know you're not that you've answered my question thank you counsel you're over time unless my colleagues have any additional questions thank you right thank you both for your arguments today the matter is submitted
judges: NGUYEN, HURWITZ, Ezra